## Case No. 15,354.

### UNITED STATES v. HERBERT.

[5 Cranch, C. C. 87.] [1]

Circuit Court. District of Columbia. Nov. Term, 1836.

INDICTMENTS—COMMON LAW AND STATUTORY OFFENCES—ASSAULT AND BATTERY WITH INTENT TO KILL—MALICE—FORMER CONVICTION.

1. An indictment for assault and battery at common law. and an indictment under the statute for the same assault and battery with intent to kill, may be pending and tried at the same time. and. if the defendant be found guilty on both. the attorney for the United States may enter a nolle prosequi as to either, and pray judgment upon the other ; but there cannot be judgment upon both. The pendency of another in-

[1] [Reported by Hon. William Cranch, Chief Judge.]

dictment against the defendant for the same offence is no ground for arresting the judgment.

[Cited in Kalloch v. Superior Court, 56 Cal. 236; People v. Hamilton, 95 Mich. 212, 54 N. W. 767; State v. Stewart (La.) 16 South. 947; U. S. v. Eldredge (Utah) 14 Pac. 44.]

2. In an indictment under the statute for assault and battery with intent to kill, it is not necessary to state the manner and extent of the assault and battery. nor the particular weapon used. It is only necessary to describe the assault and battery as at common law. with the addition of the words charging the intent to kill in the terms required by the statute. It is not necessary to charge the assault to be felonious nor malicious. nor to be with malice prepense, nor to state any other circumstance to show that, if death had ensued, it would have been murder.

[Cited in State v. Collyer (Nev.) 30 Pac. 895; State v. Finley, 6 Kan. 369.]

3. A former conviction cannot be pleaded in bar unless it has been followed by judgment.

There were two indictments against the defendant [James Herbert, a negro]. The first (No. 176) was for a simple assault and battery at common law upon one John Sybert. The other for the same assault and battery, in the same words. with this addition: "with intent him, the said John, then and there to kill." "and against the form of the statute in such case provided."

The two indictments were found on the same day, and tried on the same day, and the defendant was found guilty on both, whereupon Mr. Key, the attorney for the United States, entered a nolle prosequi, with the leave of the court, upon the indictment for simple assault and battery. and moved the court for judgment upon the other.

H. May and C. L. Jones, for defendant, moved in arrest of judgment, and for a new trial. For the motion in arrest of judgment three reasons were assigned: (1) Because the defendant is "convict of the same identical offence on another indictment found and prosecuted at the same time, and for the same identical offence. differing in no respect but in matter of mere aggravation. (2) Because the indictment is vague. uncertain, and insufficient; especially in this, that the manner and degree of the assault charged is not shown; no deadly or dangerous weapon or instrument. nor any weapon or instrument of any kind. is described, or in any manner averred or shown to have been used or exhibited in the assault. or in any manner to have accompanied it; nor is it in any manner averred or shown that killing or murder might have ensued from the assault, or how or by what means the alleged intent to kill was attempted to be carried into effect. (3) Because the indictment does not "charge the assault to have been felonious or malicious: nor in any manner avers or infers that the killing charged as intended by the prisoner would have been a felonious or malicious homicide, in any degree, if it had been perpetrated."

The reasons stated for granting a new trial: (1) Because. as to the intent to kill, the verdict was contrary to the evidence—

first, in this. that there was no evidence of malice prepense. or any other matter going to constitute the offence of murder if death had ensued from the assault; second, in this, that there was no evidence of an intent to kill. (2) Because the defendant stands convict. upon another distinct indictment. for the same identical offence, and upon the same, and no other evidence, of a simple assault and battery, without the aggravation of the intent to kill; upon which conviction he now stands for judgment, which, as he has nothing to say against it, must of necessity be passed in due course. (3) The third reason. in effect. was that if the motion in arrest of judgment is not the proper mode to take advantage of the double conviction. and if a motion to quash the indictment on that ground be too late, the defendant ought to have a new trial. with leave to plead that matter in bar. (4) Because new evidence has been disclosed to the defendant since the jury was sworn. and not known to the defendant in time to obtain it at the trial.

The defendant's counsel cited Tidd, Prac. 464; Com. Dig. "Indictment, G. & N." note; 2 Starkie, 200; Starkie, Cr. Pl. 378; 6 Wheel. Abr. 33; Archb. Cr. Law. 348. 349.

CRANCH. Chief Judge. This is an indictment for assault and battery with intent to kill one John Sybert.

The defendant's counsel have moved in arrest of judgment:

(1) Because there was pending at the same time another indictment, charging it as a simple assault and battery at common law, both indictments having been found at the same time. and tried at the same time, by the same jury, who found the defendant guilty upon both, at the same time. These facts do not appear in the record of the case, in which the defendant was found guilty of a battery with intent to kill; and therefore are no ground for arresting the judgment. If, as the defendant's counsel contend. the defendant had a right. upon the general issue. to avail himself of the pendency of another indictment for the same cause of prosecution. it is to be presumed, after a general verdict against the defendant. that the jury acted upon and negatived that defence; for the court must presume that they considered every defence which the defendant could avail himself of. under that issue.

(2) The second ground alleged for arresting the judgment is, that the indictment is "vague, uncertain, and insufficient; especially in this. that the manner and degree of the assault charged is not shown. No deadly or dangerous weapon or instrument is described, or averred, or shown to have been used or exhibited in the assault," &c. "nor is it in any manner averred or shown that killing or murder might have ensued from the assault. or how. or by what means the alleged attempt to kill was attempted to be carried into effect." In the argument of the defend-

ant's counsel. it was contended that the indictment should so far have discriminated the nature, degree, and circumstances of the assault and battery as to show the court with legal certainty that it was commensurate with the imputed intent, and was per se, if proved as laid, sufficient to ground a presumption of the intent from the act itself. The penitentiary act, upon which this indictment was framed, only requires that the offence charged should be an assault and battery with intent to kill. To describe the offence as it is described at the common law. with the addition of words charging the intent to kill, seems to be all that is necessary in an indictment upon the statute, especially as the sixteenth section of the same statute declares, that all definitions and descriptions of crimes, not provided for in the acts, should remain as heretofore. When, therefore, the statute uses the common-law terms "assault and battery," the description of that part of the offence which consists of the assault and battery must be the same as heretofore, that is, at common law; and although in the old indictments for assault and battery it was usual to say, with sticks, staves, knives, &c.. yet it has been often decided that the particular instrument used need not be proved, as laid in an indictment for assault and battery at common law. We think the indictment is sufficient, under the statute, if it describe the common-law offence, with the addition of the words required by the statute. The precedent referred to in Archb. Cr. Law, 348. is an indictment at common law for an aggravated assault and battery. describing particularly the manner of beating. namely, by throwing the person down upon a brick floor. and beating and kicking him, &c.: but it cannot be contended that those circumstances might not have been given in evidence upon a common count for assault and battery. The other precedent, cited from page 349. is upon the statute of 9 Geo. IV. c. 31. § 11. which enacts that if any person shall unlawfully and maliciously attempt to drown any person. with intent to murder such person. every such offender shall be guilty of felony. and, being convicted thereof, shall suffer death. Archb. Cr. Law. Append. 76. The precedent cited states that the defendant feloniously. unlawfully. and maliciously. did cast, throw. and push the said J. N. into a certain pond there situate. wherein was a great quantity of water, and did then and there feloniously, unlawfully. and maliciously attempt the said J. N. to drown and suffocate, with intent. then and there. and thereby. feloniously. willfully. and of his malice aforethought. the said J. N. to kill and murder. against the form of the statute, &c. This precedent contains no averments not required by the statute in order to make a case under it. By the same section of the same statute, it is enacted "that if any person unlawfully and maliciously shall administer, or attempt to administer. to any per-

son, or shall cause to be taken by any person, any poison or other destructive thing, or shall unlawfully and maliciously attempt to drown, suffocate, or strangle any person, or shall unlawfully and maliciously shoot at any person, or shall, by drawing a trigger, or in any other manner, attempt to discharge any kind of loaded arms at any person; or shall unlawfully and maliciously stab, cut, or wound any person, with intent, in any of the cases aforesaid, to murder such person, every such offender, and every person counselling, aiding, or abetting such offender, shall be guilty of felony; and, being convicted thereof, shall suffer death as a felon." The indictment in page 349, for attempting to shoot, with intent, &c., states it to be by drawing a trigger of a certain pistol loaded with gunpowder and one leaden bullet, which pistol the defendant had and held in his right hand. The indictment in page 351, for stabbing, with intent, &c., only states that the defendant, in and upon the right side of the belly of him the said J. N., between the short ribs of him the said J. N., feloniously, unlawfully, and maliciously, did stab, cut, and wound, with intent, &c. And Archbold says: "The instrument or means by which the wound was inflicted need not be stated; and, if stated, do not confine the prosecutor to prove a wound by such means. It is not necessary that the prosecutor should be cut in a vital part, for the question is not what the wound is, but what wound was intended." The indictment in page 351, under the 12th section of the same statute, for stabbing, &c., with intent to maim, &c., is in the same form. And Archbold says the instrument need not be stated; and if stated need not be proved. The indictment in page 357, under the 25th section of the same statute, for an assault and battery with intent to commit felony, and which punishes the offence by imprisonment and hard labor not exceeding two years, or by fine and imprisonment and surety of the peace, is quite as bare of circumstances as the present. It merely states that the defendant, in the county aforesaid, in and upon one J. N., in the peace of God, &c., then and there being, unlawfully did make an assault, and him the said J. N. did then and there beat, wound, and ill-treat, with intent, &c. Add (says Archbold,) a count for a common assault and battery. From a consideration of all these forms of indictment, we are satisfied that the form of the present indictment is sufficient; and that the manner of the assault and battery need not be more circumstantially stated therein than it is.

(3) The third reason alleged for arresting the judgment is, because the indictment does not charge the assault to have been felonious or malicious; nor aver, nor infer, that the killing charged as intended by the defendant would have been a felonious or malicious homicide in any degree, if it had been perpetrated. The statute does not require that the assault should have been felonious, or malicious; nor that the homicide, if it had been perpetrated, would have been felonious or malicious. The intent to kill gives to the assault and battery its whole statutory character. It is sufficient to charge the assault and battery in the usual form, and that it was made with that intent.

The defendant by his counsel, has also moved for a new trial: (1) Because the verdict, as to the intent to' kill, was contrary to evidence—first, in this, that there was no evidence of malice prepense, or other matter going to constitute the offence of murder, if death had ensued; and, secondly, in this, that there was no evidence of the intent to kill or murder.

The answer to this objection to the verdict is, that there was evidence, tending to prove the intent to kill, sufficient to be left to the jury, who had the whole subject before them; and that the issue did not require evidence of malice prepense, nor of any other matter, to show that the offence would have amounted to murder if death had ensued.

(2) The second ground urged for a new trial is, that the prisoner stands convict upon another distinct indictment for the same identical offence, and upon the same identical and no other evidence, of a simple assault and battery, without the aggravation of an intent to kill.

The answer to this is, that upon the common-law indictment for simple assault and battery, the attorney for the United States has entered a nolle prosequi, so that no judgment can be entered upon the verdict in that case; and a former conviction cannot be pleaded in bar unless it has been followed by judgment; nor can the pendency of another indictment for the same offence be pleaded in bar or abatement, though it may be a good ground for a motion to quash. 1 Chit. Cr. Law, 446, 447; Fost. Crown Law, 104; 1 Chit. Cr. Law, 299, 301, 303, 452, 454–457, 462; 2 Hale, P. C. 243, 246. All that the defendant could ask in any previous stage of these prosecutions, was, that the attorney of the United States should select which of them he would try. The defendant having pleaded to both indictments, and the trial of both, by the consent of the defendant, having been had before the same jury, and verdicts against him having been rendered upon both indictments, the attorney of the United States had the option to take judgment upon that which would "best answer the ends of public justice;" the court taking care that judgment should not be entered up on both. Swan v. Jeffreys, Fost. Crown Law, 106.

(3) The third ground urged for a new trial supposes that there may be judgments at the same time upon both indictments. This cannot now be, as a nolle prosequi is entered upon one of them. I am not certain that two separate indictments were necessary, as both are for misdemeanor. In one

the punishment is fine and imprisonment; and in the other, imprisonment and labor; and in neither is the defendant entitled to a peremptory challenge. But the grand jury having found separate indictments, they must be disposed of: and if the court should at any time be satisfied that indictments are multiplied vexatiously and unnecessarily, and with a view to oppress the defendant, the remedy must be by quashing them, or some of them. Archb. Cr. Law, 60; Young v. Rex, 3 Term R. 106; Rex v. Benfield. 2 Burrows, 984.

(4) The fourth reason assigned for a new trial is the discovery of evidence supposed to be material for the defendant, after the jury was sworn, when it was too late to be adduced in his defence. The affidavit in support of this allegation states that, if a new trial should be granted, the defendant expects to prove, by evidence not known to him in time to be adduced in his defence, that John Sybert, upon whom the assault and battery is alleged to have been made, had a dirk or knife about his person at the time of the assault, and that it was taken from him by the witness. It does not seem to us that that fact is material; for, unless the defendant could show that what he did was in self-defence, it would be no ground of defence that the person assaulted was secretly armed. It might be that he had armed himself against the apprehended attack which actually took place.

We are therefore of opinion that the motion in arrest of judgment, and for a new trial, should be overruled.

THRUSTON, Circuit Judge, absent.

The defendant was sentenced to the penitentiary for two years and a half. from the 2d of February, 1837.