## THE STATE OF KANSAS v. GEORGE W. WHITE.

1. CRIMINAL LAW; *Rules of Pleading.* The common-law rules of construing criminal pleadings have been set aside by our code of criminal procedure, and to that code must we look for the rules to determine the sufficiency of an information or indictment.

2. INFORMATION; *Description of Offense.* It is not necessary in an information to use the exact words of the statute in charging an offense. It is sufficient if words are used conveying the same meaning.

3. —————— *Omission of Words.* The omission of the words, "on purpose and of malice aforethought," from an information charging an assault with intent to kill, under section 38 of the crimes act, is not fatal, where the information charges that the defendant did feloniously make an assault, and feloniously did shoot and wound, with the intent feloniously and willfully to kill.

4. INSTRUCTIONS; *Intoxication of Accused.* Upon a trial under such a charge, where there is evidence tending to show the intoxication of the accused at the time of the act, it is proper for the court to charge the jury that intoxication is a matter to be considered by them as bearing upon the state of defendant's mind, and therefore as evidence upon the question of the intent to take life. But it is seldom if ever the duty of the court to go further, and instruct, that the jury may from the intoxication alone infer the absence of any such intent, and the consequent innocence of the defendant of the specific offense charged. At least, in the absence from the record of the evidence in the case, it is impossible for an appellate court to hold that there was any error in the rulings of the trial court refusing the latter and giving the former instruction.

5. —————— The fact of intoxication, no matter how complete and overpowering, is not conclusive evidence of the absence of an intent to take life.

### *Appeal from Allen District Court.*

INFORMATION charging that defendant *White*, "on the 13th of September 1874, at the county of Allen, with force and arms, in and upon the body of one James Black, then and there being, feloniously did make an assault on him the said James Black, with a certain pistol loaded with powder, ball, and cap, which he the said *George W. White* in his hand then and there held, the said pistol being a deadly weapon, feloniously did shoot, and wound, with intent him the said James

Black then and there feloniously and willfully to kill." Plea, not guilty. Trial at the November Term 1874. Verdict, guilty, and defendant was sentenced to four years' imprisonment in the penitentiary. Defendant brings the case here by appeal. No briefs on file.

*L. W. Keplinger*, and *H. D. Smith*, for appellant.

*James C. Murray*, county-attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted of an assault with intent to kill, and brings his case here by appeal. The questions presented are on the sufficiency of the information, and the instructions upon the effect of intoxication. The information charged that the defendant did feloniously make an assault, and feloniously did shoot and wound, with the intent feloniously and willfully to kill. It did not in the language of § 38 of the crimes act charge that defendant "on purpose and of malice aforethought" did assault, etc. Was the omission of these words fatal to the information?

1. Information. Pleading. The authorities cited by the learned counsel doubtless sustain his claim that it was. But those decisions were made where the strictness of the common-law rules in reference to indictments obtained. But, as said by Ch. J. COBB, in reference to two sections of the code of criminal procedure, "These two sections divest the indictment of all artificial and technical construction, and give to its language its natural and ordinary meaning." *Smith v. The State*, 1 Kas., 365. While it would doubtless be sufficient to follow the language of the statute in charging a crime, it is not necessary so to do. It is enough if the language used, according to its ordinary and natural meaning, states clearly an

2. Description of offense. offense within the statute according to the same manner of interpretation of its language. Tried by this rule, we think the information sufficient. It charges an unlawful assault, an assault with intent to kill. Of course, if a party made an assault with intent to kill, it necessarily was not an

accidental or unintentional assault. An accidental or unintentional assault, with intent to kill, is an impossibility. The information clearly therefore charges an assault on purpose. So also, if an assault is willful, felonious, and with intent to kill, it is of malice aforethought. For malice aforethought is nothing more than an unlawful or wicked intention. A felonious intent to kill, is an unlawful and wicked intent. All the elements therefore of the crime, as defined in the statute, are embraced in this information, and it is sufficient. In reference to the general rules for determining the sufficiency of criminal pleadings, see criminal code, §§ 101, 103, 107, 108, 109, and 110, Gen. Stat., 837, 838.

The other error assigned arises upon the instructions given and refused. Some testimony was introduced by defendant tending to show that he was insane at the time of the offense, and some by the prosecution, tending to show that he was intoxicated. Upon this defendant asked this instruction: "To constitute the specific offense charged, it is not sufficient that the commission of the act be proven, but it must be affirmatively shown that the act was done with the particular intent of killing or maiming the prosecuting witness. The jury may infer from the fact of defendant's being intoxicated at the time of the commission of the act charged, (if such intoxication be proven,) that the act was not done with the particular intent necessary to constitute the specific offense charged." And another, to the effect, that such intoxication was evidence from which the jury might infer his innocence of the particular offense charged. These the court refused, but charged the jury that "intoxication, drunkenness, is not regarded in law as any excuse in itself for crime, but may always be shown, and should be considered in all cases where the intent, as in this case, is of the essence or is an indispensable ingredient of the offense, to show the state of mind of the person accused." Was there error in this? The difference between the instruction refused, and that given, is, that by the first the court was asked to select drunkenness as a single circumstance, and say to the

*4. Intoxication of accused.*

jury that from that alone they might infer the defendant's innocence of any intent to kill, while by the other the court charged them that they might consider drunkenness along with the other facts of the case in determining the defendant's state of mind at the time of the act. The testimony in the case is not preserved in the record, so we do not know what the circumstances of the case were—what evidence there was of the intent to take life, or how great was the intoxication of the defendant. Now there may be cases in which there is such a dearth of other testimony bearing upon the question of intent, and such a complete and stupefying intoxication shown, as to justify a court in singling it out and telling the jury that they may infer therefrom the absence of any intent to take life. But all that a court ought ordinarily to do is to state to the jury that drunkenness is one of the circumstances tending to show the state of defendant's mind, and thus bearing upon the question of the presence or absence of an intent to take life. And probably in no case would it be error to refuse to go further, or give any more specific charge.

5. Intoxication not conclusive of no intent. The fact of intoxication is not conclusive against the existence of such an intent. The intent may have been formed before the intoxication commenced; it may exist concurrently with it, at least until the intoxication comes to be so great as to be stupefying. So that it is impossible, at least in a case in which the whole testimony is not present, when the court has referred in its instructions to intoxication as one of the facts bearing upon the question of intent, to hold that it erred in not going further and giving special stress to that circumstance. We are not advised as to the instructions given by the court other than upon this matter of drunkenness. We must therefore assume that they were correct, and sufficient; that they stated the elements of the crime, and the necessity of proof as to the existence of each element, and the kind of evidence applicable to each element. *Miller v. The State*, 2 Kas., 174. It does not appear therefore that the court erred in the instructions given and refused in this case. It perhaps should be remarked, in order to

guard against any misconception as to the relation of drunkenness to crime, that the charge in this case is one which requires something more than a general malevolent feeling, and where there must be a specific intent to take life, so that nothing herein contained conflicts with the general doctrine that drunkenness neither excuses nor extenuates crime. See upon this general subject, 1 Bishop on Cr. Law, ch. 27, §§ 397–416.

The judgment of the district court will be affirmed.

All the Justices concurring.