THE STATE OF KANSAS V. DAVID MILLER.

ASSAULT *with Intent to Kill; Sufficient Information.* An information founded on § 38, ch. 31, of the act regulating crimes and punishments, (Comp. Laws 1879, p. 331,) charging an assault with a deadly weapon, to wit, a revolving pistol, loaded with powder, leaden ball and cap, with the intent to kill, is not fatally defective by an omission to state more fully the manner of the assault, or the mode in which the pistol was used or attempted to be used.

*Appeal from Doniphan District Court.*

AT the March Term, 1881, of the district court, *David Miller* was found guilty of an assault with intent to kill. The court sustained a motion in arrest of judgment, from which ruling *The State* appeals. The facts appear in the opinion.

*Thos. W. Heatley,* county attorney, and *Nathan Price,* for The State.

*A. Perry,* and *Webb & Martin,* for appellee.

The opinion of the court was delivered by

HORTON, C. J.: On March 28th, 1881, an information was filed against the defendant, charging him with having, on February 1st, 1881, in Doniphan county, in this state, unlawfully, willfully, feloniously, on purpose, and of his malice aforethought, assaulted one George Lang with a certain revolving pistol, loaded with powder, leaden ball and cap; said pistol being a deadly weapon, then and there held in the right hand of the said defendant, with the intent then and there willfully, unlawfully, feloniously, on purpose, and of his malice aforethought, to kill the said George Lang, contrary to the statute in such case made and provided. Trial was had at the March term, 1881. The jury rendered a verdict that the defendant was guilty of an assault upon George Lang with a deadly weapon, with intent to kill him, as alleged in the information. On April 2d, a motion for a new trial was filed by defendant

upon various grounds, among others that the information states no public offense, and that it does not state facts sufficient to constitute a cause of action against defendant. On April 6th, the court overruled the motion to set aside the verdict and grant a new trial, but on the same day sustained a motion in arrest of judgment, on the ground that the facts stated in the information do not constitute a public offense. The state excepted to this ruling, and appeals to this court.

The trial judge seems to have considered the information fatally defective, because it did not set forth the mode in which the pistol was used, or attempted to be used, or more fully the particular manner of the assault. The information was founded upon § 38, ch. 31, Comp. Laws 1879, which reads:

"Every person who shall, on purpose, and of malice afore-thought, shoot at or stab another, or assault or beat another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary, or other felony, or in resisting the execution of legal process, shall be punished by confinement and hard labor for a term not exceeding ten years."

Within the provisions of the code of criminal procedure, the language of the information charged a public offense under said section. (*The State v. White*, 14 Kas. 538.) Again, this section of the statute is almost identical with that of Missouri and several other states, and under the authorities of those states the charge in this case was sufficiently definite. It is not necessary that the manner of the assault, or the mode in which the pistol was used or attempted to be used, when the information alleges the assault was done with a deadly weapon, should be more specifically set forth. (*The State v. Chandler*, 24 Mo. 371; Kelley's Criminal Law and Practice, §§ 537, 538; *The State v. Chumley*, 67 Mo. 41; *The State v. Shepard*, 10 Iowa, 126; *People v. English*, 30 Cal. 214; *United States v. Herbert*, 5 Cranch, 87.) Upon the authorities cited, the court erred in arresting judgment. The cause is re-

manded, with directions to the district court to overrule the motion in arrest of judgment, and to pronounce sentence and judgment against the defendant upon the verdict.

All the Justices concurring.