## THE STATE OF KANSAS V. A. C. KNADLER.

1. ASSAULT, *With Intent to Kill — Indictment, Not Bad.* Where an indictment charges that K., the defendant, unlawfully, feloniously; and with malice aforethought, assaulted, with intent to kill, F., with a deadly weapon, to wit, a pistol loaded with powder, cap and leaden ball, then and there in the hands of K., and is otherwise sufficient, the indictment is not bad because it does not more definitely charge that F. was the party assaulted.

2. CHANGE OF VENUE, *Refused; Ruling, Not Reversed.* Where, in a criminal cause, a petition is presented to the district court for a change of venue, upon the ground that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair trial cannot be had therein, the specific facts and circumstances showing such prejudice must be established by affidavits or other evidence; and as the trial court has some discretion in granting or refusing a change of venue, the supreme court will sustain an overruling of such an application, where the affidavits state conclusions of law only, instead of specific facts, and no other evidence is presented to sustain the application.

*Appeal from Scott District Court.*

ASSAULT with intent to kill.    The opinion states the case.

*Sam H. Kelley,* and *A. J. Hoskinson,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Irwin Taylor,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: On May 4, 1888, an indictment was returned by the grand jury of Scott county against A. C. Knadler, charging that, on the 1st day of May, 1888, in said county, he, "unlawfully, feloniously, and with malice aforethought, did assault, with intent to kill, T. P. Fisk, with a deadly weapon, to wit, a pistol loaded with powder, cap and leaden ball, said pistol then and there in the hands of said A. C. Knadler; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas." Subsequently he was tried and convicted upon the

indictment, and sentenced to confinement at hard labor in the penitentiary of the state for the term of three years. The indictment was founded upon § 38, ch. 31, Compiled Laws of 1885.

It is contended that the indictment is bad, because it is uncertain as to the offense charged, in not expressly alleging an assault upon T. P. Fisk. While it is true that the information might have been drawn with greater care, we think it sufficient. It charges that the defendant assaulted, with intent to kill, T. P. Fisk with a deadly weapon. The clear import of this language is, that he assaulted T. P. Fisk with a deadly weapon with the intent to kill him. It is not necessary that the manner of the assault, or the mode in which the pistol was used, or attempted to be used, should be more specifically set forth. (*The State v. Miller*, 25 Kas. 699; *The State v. Finley*, 6 id. 369.)

The court can only quash an indictment when "it appears that the grand jury had no legal authority to inquire into the offense, or that the facts stated do not constitute a public offense, or that the indictment shows matters constituting a legal justification." (Crim. Code, § 225.) Again, "no indictment or information may be quashed or set aside for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." (Crim. Code, § 110.)

It is further contended that the district court should have granted a change of venue from Scott county, upon the application of the defendant, and that it erred in overruling the same. The affidavits in support of this application were very general in terms, and stated conclusions of law rather than specific facts. The *News* and *Sentinel* of Scott county were alleged to have published unfavorable notices to the prejudice of the defendant; but the articles referred to are not attached to the affidavits. About the only specific fact alleged in the affidavits is that the defendant, as city marshal of Scott City, made enemies in the performance of his official duties. Scott City is a very small part of Scott county, and this statement

of itself amounts to very little. It also appears, from the record in the case, that a jury was impaneled in the cause without any delay or difficulty; therefore, as a trial court has some discretion in granting or refusing a change of venue, we cannot say, upon the affidavits filed, that the district court ought to have found prejudice in Scott county, such as to demand a change of venue. (Crim. Code, § 177; *The State v. Furbeck*, 29 Kas. 532; *The State v. Adams*, 20 id. 311; *City of Emporia v. Volmer*, 12 id. 622.) ·

An examination of the record shows that there was sufficient evidence introduced, upon the trial, to sustain the verdict and judgment. The defendant went armed with a loaded revolver, to the school house where T. P. Fisk was teaching, with the intention of forcing the teacher to apologize to his daughter Abby. When the teacher refused to apologize, he advanced up the aisle of the school house, and said to the teacher "he had come to force him to apologize." Soon after, he drew the revolver from its sheath, and according to the testimony of T. P. Fisk, Knadler would have used it upon him if he had not been prevented from doing so. There is nothing whatever in the other points presented. The judgment of the district court will be affirmed.

All the Justices concurring.

40 361
43 259

40 361
45 123

40 361
48 695

40 361
51 430
53 620

40 361
63 118