By the Court.—McAdam, J.
The acts under which the map of the contemplated street opening was filed are constitutional, because relating to the exercise of the power of eminent domain, which implies that private property shall not be taken “ without just compensation.” Const. Act 1, § § 6, 7. This is in accord with the rulings in the Furman St. case. In re Furman street, 17 Wend., 649, approved of by the Court of Errors, and in the 127th St. case, 56 How., 60. The filing of the map is a preliminary step in the exercise of the right of eminent domain, that may or may not proceed further. The right of the public to exercise such authority and to *317 condemn land for roads, streets and highways has never been denied. It is as Puffendorf calls it, the “ exercise of transcendental propriety ; ” as if the Sovereign thereby resumes possession of that which had been previously granted to the subject upon the condition that it might be again resumed to meet the necessities of the Sovereign.—Puffendorf, B. 8, C. 5, § 3; Fletcher v. Peck, 5 Cranch, 87. The acts in question do not attempt to regulate private property, and do not interfere with the use thereof. The filing of the map is merely notice, to whom it may concern, of an intention to open a street at a place indicated. It does not divest the owner’s title, and in no way incumbers or impairs it, until the proceedings provided by the statute have been taken for the purpose of condemning the premises, and these proceedings may never be taken and the streets laid down by the map never opened for public use. Wagner v. Perry, 47 Hun, 518; In re Dept. Public Parks, 60 N. Y., 319. To hold the title divested or impaired by the fifing of the map, would imply a present right to compensation for the supposed injury, a claim which would be both premature and untenable. The title is in no wise impaired, for the owner of the property may use it as he pleases (notwithstanding the. fifing of the map) for any legal purpose to which it may be devoted. If, however (after the constructive notice arising from the fifing of the map), he voluntarily changes the property by putting an artificial structure or value upon it, he does so at his peril, and may have difficulty in compelling the corporate authorities to reimburse the expenditure so made. Whether paying for the land, without the improvements made after the fifing of the map, is “ just compensation ” within the meaning of the constitutional provision on the subject, is a question which will more appropriately arise when the issue as to compensation comes up. It is not directly before the court now. The constructive notice *318 arising from the filing of the map, affects all whom it may concern, owners, mortgagees and purchasers alike. It is matter of public concern. It is not a fact the owner is bound to communicate to a purchaser, nor is the suppression of it fraudulent. Wagner v. Perry, supra. The filing of the map is in no manner nor to any extent, a defect of title, cloud on the title or incumbrance. It is not a claim antagonistic to the owner, but in harmony with and in recognition of his title. • If the property should eventually be taken (as any private property may for public use), the “just compensation ” which must be awarded will presumably be equivalent to the property taken, and there will consequently be no loss to any one. If the purchaser sees fit to add an artificial value to the property by building upon it, he has the right to do so—no one can restrain him— the property will he his to do what he pleases with. If the street is ultimately cut through, he may claim compensation for his improvements, and if it is disallowed, he will then be in a position to test the constitutionality of those portions of the acts which provide no compensation for erections made after the filing of the map. Those questions do not call for authoritative decision now.
If the plaintiff had built upon his lot after the filing of the map, and had contracted to convey both house and lot, a serious question would have been presented whether it would not be too inequitable to compel the vendee to take, Pomeroy’s Eq. Jur., §§ 1404, 1405, but that question does not arise here, as the lot is vacant and unimproved.
The sale was not made by order of the court, but by voluntary contract of the parties, and the plaintiff is entitled to have it enforced unless objections more substantial than have appeared here are presented against the application. We deem it sufficient for the present to decide (1.) that for the purposes of this case as sub *319 mitted, the statutes under which the map was filed are constitutional, and that the plaintiff has good title to the property he contracted to convey; (2.) that there is no lien or encumbrance on it created by the statutes to which our attention has been called; and (3.) that the plaintiff is entitled to judgment that the defendant take the title tendered, and pay the sum of $1,000 without costs, according to the terms of the submission.
Freedman, P. J., and Gildersleeve, J., concurred.