The State v. Dixon.

---

THE STATE OF KANSAS v. W. H. DIXON.

No. 16,233.

SYLLABUS BY THE COURT.

1. INFORMATION—*Misconduct in Office*—*Language of the Statute*—*"Malicious."* In a prosecution under a statute making wilful and malicious misconduct in office a misdemeanor, the omission of the word "malicious" from the information is immaterial when the acts complained of necessarily involve a wilful disregard of the obligations owed by the officer to the public.

2. —— *Allegation of Wilfully Permitting Violations of Law Sufficient.* An information alleging that a city marshal, whose duty was to see that certain offenses were prevented or punished, wilfully permitted them to be committed fairly implies that knowing of their commission he failed to attempt to enforce the law, and therefore states facts sufficient to constitute a violation of the statute making wilful and malicious misconduct in office a misdemeanor.

3. —— *Duty of Officer.* An allegation that a city marshal failed and refused to perform the duties enjoined upon him by the laws of the city, by failing to make certain arrests, fairly implies that it was his duty under the ordinance to make such arrests.

4. ———— *"Protection" to Violators of the Law.* A charge that a city marshal gave "aid, comfort, protection and assistance" to certain keepers of bawdy-houses, who in return therefor presented him with a gold star, which he accepted, must be construed to mean that the protection referred to was protection against an effort of the public officers to enforce the law against them, and it is not necessary to the sufficiency of the information that such conduct be expressly characterized as either wilful or malicious.

Appeal from Reno district court; Peter J. Galle, judge. Opinion filed July 3, 1909. Reversed.

*Fred S. Jackson,* attorney-general, and *James Hettinger,* county attorney, for The State; *Carr W. Taylor,* of counsel.

*Prigg & Williams,* for the appellee.

The opinion of the court was delivered by

Mason, J.: A prosecution for misconduct in office was begun against a city marshal. A motion to quash the information was sustained, and the state appeals. The statute involved reads:

"Every person exercising or holding any office of public trust who ·shall be guilty of wilful and malicious oppression, partiality, misconduct or abuse of authority in his official capacity, or under color of his office, shall on conviction be punished by imprisonment in a county jail for a term not exceeding one year, and fined not exceeding one thousand dollars." (Gen. Stat. 1901, § 2194.)

The information characterized the conduct of the defendant as "wilful" and "unlawful," but did not use the term "malicious." The acts complained of, however, if done wilfully and wrongfully, showed such a disregard of the obligations owed by the officer to the public as necessarily to render them malicious within the ordinary meaning of that word as used in criminal statutes, the only element it implies more than wrongfulness and wilfulness being the absence of legal justi-

fication and excuse. (*The State v. White,* 14 Kan. 538; 12 Cyc. 150.)

The first of the three counts of the amended information charges in substance that although the ordinance required the marshal to see that all offenses against the statutes and ordinances were prevented or punished, the defendant wilfully and unlawfully permitted certain persons to maintain bawdy-houses, prohibited both by ordinance and by statute, that he connived at an arrangement for their paying periodical fines in the police court without ceasing their unlawful occupation, and that he "extended the police protection of the city" to them. This is equivalent to charging that having personal knowledge of the violation of the ordinances and statutes he made no attempt in good faith to enforce the law or procure the punishment of persons offending against it. Such personal knowledge is not attributed to him in express terms, but it follows from the allegation that he wilfully permitted the illegal business to be carried on. Such action on his part would constitute misconduct in his official capacity, or misconduct in office, of which it was said in *Falloon v. Clark,* 61 Kan. 121, that "it is something which amounts to a breach of the conditions tacitly annexed to the office, and includes any wrongful official act or omission to perform an official duty." (Page 125.)

The second count is very similar to the first, except that personal knowledge by the marshal of the violation of the law is explicitly charged and the allegation defining the marshal's duties under the ordinance is omitted. It contains the averment, however, that the defendant failed and refused to perform the duties "enjoined upon him by the laws of the city" by failing and refusing to make or order the arrest of the keepers of the bawdy-houses, and this sufficiently implies that it was a part of his official duty to cause such arrest.

The third count charges that the defendant gave

"aid, comfort, protection and assistance" to certain keepers of bawdy-houses, and that in return and as a reward therefor they presented to him, and he accepted, a gold star with a diamond setting. It is only reasonable to interpret the allegation that the defendant gave the wrong-doers "protection" as meaning that he gave them protection against the interference by the public officers with their violation of the law. The acts complained of in this count are not in terms characterized as wilful or wrongful, but their nature is such that they necessarily constitute wilful and malicious misconduct in office within the meaning of the statute, and the use of these words would have added nothing substantial to the charge.

The information contains much repetition and surplusage, and lacks the definiteness that is desirable in criminal pleading, but no one of the counts when fairly construed seems vulnerable to a motion to quash.

The judgment is reversed and the cause remanded for further proceedings.