The State v. Tawney.

---

THE STATE OF KANSAS, *Appellee,* v. BERT TAWNEY,
*Appellant.*

No. 17,051.

SYLLABUS BY THE COURT.

1. CHANGE OF VENUE—*Local Prejudice.* The evidence warranted a finding that there existed no such prejudice in the community as would prevent the defendant from having a fair trial.

2. ——— *Disqualification of the Judge.* Unfavorable comment by the court in denying a new trial and other adverse rulings and errors of judgment in former trials held insufficient to reverse a decision denying a change of venue.

3. JURY AND JURORS—*Challenge to the Array—Misconduct of Officer Who Summoned the Jury.* Mere expression of an opinion by the sheriff as to the guilt or innocence of a defendant in a criminal action held not to warrant the quashing of a panel summoned by him.

4. CRIMINAL LAW—*Rulings upon the Evidence.* On appeal by one convicted of larceny the appellant claimed the trial court erred in admitting and excluding testimony. *Held:*

(*a*) It was within the discretion of the court to permit questions to be asked a witness tending to refresh his recollection.

(*b*) Testimony that certain relatives of the prosecuting witness had been convicted of crime and sentenced to the penitentiary was properly excluded.

(*c*) There being testimony that a witness had been declared insane, the defendant was not prejudiced by a refusal to permit a transcript of the lunacy proceedings to be introduced.

(*d*) Certain testimony was properly excluded because it was a self-serving declaration.

(*e*) Objections to questions calling for hearsay testimony were properly sustained.

Appeal from Franklin district court. Opinion filed December 10, 1910. Affirmed.

*W. J. Costigan,* for the appellant.

*Fred S. Jackson,* attorney-general, and *W. B. Pleasant,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: For a statement of the facts in this case see *The State v. Tawney,* 78 Kan. 855, and 81 Kan. 162. We find no error in the ruling of the court denying a change of venue. As to the first ground, there was sufficient rebutting evidence in the form of affidavits to warrant a finding that there existed no such prejudice in the community as would prevent the appellant from having a fair trial. The court doubtless took into consideration the fact that Franklin is a large, populous county, and that little difficulty would be experienced in finding unprejudiced jurors in portions of the county remote from where the appellant lived and where the crime charged was committed.

To show prejudice on the part of the judge the appellant filed his affidavit and that of his attorney, relying largely upon unfavorable comments of the court in denying a motion for a new trial and other adverse rulings and errors of judgment in former trials. These

have been held insufficient as grounds for reversing a decision refusing a change of venue. (*The State v. Bohan,* 19 Kan. 28.) Weight and consideration should always be given to the decision of the trial judge. (*The State v. Tawney,* 81 Kan. 162.) The trial court must exercise some discretion in passing upon applications for a change of venue. (*The State v. Knadler,* 40 Kan. 359.) We are unable to say that the court abused its discretion in this respect.

The challenge to the array was rightly overruled. The mere expression of an opinion by the sheriff as to the guilt or innocence of a defendant in a criminal action is not sufficient ground for quashing a panel summoned by him, in the absence of any testimony showing an attempt to influence or prejudice the jurors.

Complaint is made of errors in the admission and exclusion of testimony. It was clearly within the discretion of the court to permit questions to be asked of Joe Lockwood directing his attention to portions of a conversation which occurred almost three years before. It is urged that the court erred in excluding the offer of a letter in connection with the cross-examination of Lockwood. The letter was an anonymous one, written to him years before the offense for which the appellant was being tried was committed, and was properly excluded. It had no bearing on the case. There was no error in sustaining an objection to questions tending to show that certain relatives of the prosecuting witness had been convicted of crime and sentenced to the penitentiary. As testimony was admitted showing that a witness, Beecher Day, had been declared of unsound mind, the appellant was not prejudiced by the refusal to permit a transcript of the lunacy proceedings in the probate court to be introduced. The appellant offered to prove that prior to the time the pigs were stolen he had advised his wife to leave them alone. This was a self-serving declaration and was properly excluded. (*The State v. Hinkley,* 81 Kan. 838, 846.) There was no error in refusing to permit the appellant's wife to

testify as to conversations she had with Lockwood, as her answers would have called for hearsay evidence.

The only complaint of the instructions is the refusal to give one asked with respect to reasonable doubt. The court in an instruction given fully stated the law on that subject, and the instruction asked was therefore properly refused.

The complaint of misconduct of the court and jury does not possess sufficient merit to warrant comment. The record fails to disclose that the verdict is the result of passion or prejudice, as claimed, or that it is not sustained by sufficient evidence.

Finding no prejudicial error in the record, the judgment is affirmed.

BENSON, J., not sitting.