No. 19,333.

O. L. MILLER, *Appellee*, v. H. L. KERR, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Attorney's Fee—Joint Employment by Two Persons.* The evidence examined and held to support a finding of a joint employment of an attorney by two persons having a common interest in the litigation.

2. SAME—*Attorney—Employed by Two Persons—Separate Liability for Attorney's Fees.* Where two persons employ an attorney to perform services in their common interest, without agreement as to the amount to be paid, and one of them makes a settlement for himself, the attorney in an action against the other may recover one-half of the amount therein determined to be the reasonable value of his services, notwithstanding he may have received more than half that amount in the settlement referred to.

3. TRIAL—*No Reversible Error.* Various trial rulings examined and held not to constitute reversible error.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed March 6, 1915. Affirmed.

*J. L. Smalley,* of Kansas City, for the appellant.
*Samuel Maher,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: O. L. Miller recovered a judgment against H. L. Kerr for an attorney's fee, and the defendant appeals. The services on which the action was

35—94 KAN.

based were performed by the plaintiff while acting in behalf of H. L. Kerr and his brother, C. W. Kerr, in litigation in which they had a common interest. The main issue tried in the present case was whether, as contended by the plaintiff, the defendant H. L. Kerr, had participated in employing him, or whether, as maintained by the defendant, the plaintiff had been employed solely by C. W. Kerr. The principal question presented is whether there was any substantial evidence tending to show that the defendant was a party to the contract of employment. The plaintiff testified to this effect: C. W. Kerr asked him to go into the case for the two brothers, with Judge Alden and another attorney, who were already acting for them; he answered that he thought he could do so; that he could not fix a definite fee, not knowing just what was to be done, but that the charge would be reasonable. The response was made: "That is all right." Shortly afterward H. L. Kerr talked with the plaintiff about the matter and the services were subsequently performed with his knowledge, and without any disavowal of obligation on his part. His conversation with H. L. Kerr was thus narrated by the plaintiff:

"He asked me whether I had made up my mind that I could go into the case. He said, 'Cord [C. W. Kerr] and I want you to come into the case. Judge Alden is not very well and he wanted you in the case,' and I said I had been considering it, that I thought possibly I might. And he says, 'Has Cord come to see you about it?' I said, 'Yes.' He said, 'Did he arrange fees with you?' I said, 'He made all the arrangement that could be made; I could n't tell what the fees would be; whatever, though, would be reasonable, after the case was tried,' and he said, "Well, I guess you will make it as reasonable as you can,' and that is all that was said from that time on."

We think this evidence was sufficient to take to the jury the question whether the defendant participated in the employment of the plaintiff. The conversation referred to did not result in a completed contract, be-

·cause the plaintiff did not definitely agree to act in the matter. But it was open to interpretation as a definite offer by the defendant to employ the plaintiff, followed by an acceptance of which the defendant was notified by the performance of the services. True, the conduct of the plaintiff might have been the same had he been acting solely under the employment of C. W. Kerr. But whether the situation was such that the plaintiff had a right to understand, in the absence of some suggestion to the contrary, that the defendant accepted his services in accordance with their conversation, was a fair matter for the determination of the jury.

Complaint is made of the overruling of a motion for a change of venue on the ground that the judge was prejudiced against the defendant. The substance of the affidavit for a change was that the judge had made rulings against the defendant, and had formed an opinion adverse to his contentions. Neither of these considerations is sufficient to require a change of venue, and the question of actual prejudice was one of fact to be determined by the judge in view of his own knowledge of the matter. (40 Cyc. 133; *The State v. Morrison,* 67 Kan. 144, 77 Pac. 554; *In re Smith,* 73 Kan. 743, 85 Pac. 584; *The State v. Tawney,* 81 Kan. 162, 105 Pac. 218; *The State v. Tawney,* 83 Kan. 603, 112 Pac. 161.)

'The defendant offered in evidence the original written contract between the Kerrs and their first attorneys. This was rejected, and the ruling is assigned as error. It was offered particularly by reason of the testimony of Judge Alden that when he signed it the retaining of Mr. Miller was mentioned as a condition to his own employment at the sum named. The witness explained, however, that he did not mean that the written contract referred to the matter. This statement made the introduction of the writing unnecessary so far as concerned this feature of the controversy. Judge Alden testified as to the value of the plaintiff's

services. On cross-examination questions as to the amount of his own compensation in the case were ruled out. They might have been admitted without error, but the matter was not controlling or very vital, and in view of the entire evidence on the subject and of the amount of the verdict a reversal on this ground would not be justified.

It was shown that the plaintiff and C. W. Kerr had agreed upon a fee of $2500, one-half of which the latter paid, being thereby released from further liability on his part. The defendant asked an instruction to the effect that this should be treated as a credit on the entire fee as fixed by the jury. The court instructed that if the verdict should be for the plaintiff the amount should be one-half of the amount found to constitute a reasonable fee. The jury fixed the plaintiff's recovery at $1150. This implied a finding that the services were worth $2300. The defendant maintains that as the plaintiff had already received $1250, his judgment should not have been more than the balance, or $1050, under the rule that "a payment made by one of two joint debtors extinguishes the debt *pro tanto*." (30 Cyc. 1221.) The original contract of employment did not fix an amount. The brothers were liable under it for the reasonable value of the plaintiff's services. C. W. Kerr and the plaintiff afterwards made an agreement which fixed the amount so far as they were concerned, but did not in any way affect the defendant, who was not a party to it. Originally the brothers' liability was the same. From the time of this adjustment their liability was different. C. W. Kerr was liable for a definite amount, and the defendant for an amount that remained to be fixed. C. W. Kerr then paid one-half of the sum agreed upon as a fair fee. This left the defendant indebted to the plaintiff for one-half the value of the services, as it might be determined between them, by agreement or by litigation. C. W. Kerr did not pay more than half the debt as

it was liquidated between him and the plaintiff, and the defendant is not required to pay more than half of it as it has been liquidated between him and the plaintiff.

Complaint is made that witnesses were allowed to testify to their understanding of the agreement made. The facts were fully developed, and if expressions in the nature of conclusions were admitted we think no substantial prejudice resulted. (*Bank v. Robinson,* 93 Kan. 464, 144 Pac. 1019.)

The judgment is affirmed.