## JOHN M. RAPER v. J. D. BLAIR.

IMPERTINENT INSTRUCTIONS; *New Trial.* Instructions should be applicable to the case under consideration, and where it is reasonably made to appear that the jury have been misled to the prejudice of the rights of the party moving for a new trial by instructions upon irrelevant issues, or matters foreign to the case, a new trial will be granted.

### *Error from Brown District Court.*

REPLEVIN, brought by *Raper* against *Blair* ( constable ), for the recovery of a wagon, a set of double harness, and for damages for their detention. The facts appear in the opinion. Trial at the September Term, 1879, of the district court, and judgment for the defendant. The plaintiff brings the case here.

*Killey & May,* for plaintiff in error.

*Jas. Falloon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in replevin, brought by the plaintiff in error against the defendant in error, before a justice of the peace of Brown county, for the recovery of a wagon, a set of double harness, and damages for their detention. On appeal, the jury found the right of property and right of possession of the wagon to be in the defendant, and the right of property and possession of the harness in the plaintiff. Judgment was rendered accordingly, and the plaintiff brings the case here.

The objections taken to the record cannot prevail under the decision in *Lauer v. Livings,* ante, p. 273, and therefore we must pass upon the errors alleged as having occurred upon the trial. The controversy is over the wagon only, the harness having been returned to the plaintiff. Plaintiff claims that the wagon was exempt from seizure and sale upon legal process. The evidence discloses these facts: On May 7, 1879,

the plaintiff was a resident of Brown county, the head of a family, and the owner of the wagon in dispute, and also of a buggy. The defendant, as constable, on that day levied upon the wagon under an order of attachment in an action pending before W. J. Richardson, a justice of the peace of Brown county, wherein C. D. Lawrence was the plaintiff, and the plaintiff in error was the defendant. At the time of this attachment, plaintiff told the officer that the wagon belonged to his wife, and not to levy on it. On May 14, 1879, the plaintiff appeared especially before the justice, had the service of summons set aside, and obtained an order on May 16, upon the constable, to deliver up the property attached. The constable released the wagon. A new summons was then issued by the justice, in the action of Lawrence v. Raper, and the constable levied another attachment on the wagon immediately after the release. Between May 7 and May 17, plaintiff sold the buggy, called by some witnesses a butcher wagon, to one C. T. Corning. On May 17, 1879, the plaintiff in error filed his motion and affidavits to dissolve the second attachment. Upon a hearing had May 20, 1879, before the justice, the wagon was adjudged to be exempt, as not being subject to attachment. The defendant was ordered to release the property. The order was complied with, and the defendant, as constable, levied upon the wagon under an execution dated May 21, 1879, issued by the justice, upon a judgment rendered in the action of Lawrence v. Raper. This levy was made immediately after the release of the second attachment. When the second attachment was made, plaintiff claimed the wagon as exempt. On the 21st day of May, 1879, the day of the levy under the execution, plaintiff again claimed the wagon as exempt, and demanded it of the constable, who refused to give it up, and sold it on June 2, 1879, to one Ellis Corey, for $38. Plaintiff was present, forbade the sale, and claimed the property as exempt. After the introduction of all the evidence, the plaintiff asked the court to instruct the jury as follows:

"4th. The court instructs the jury further, that in this

state the statute specifically exempts to every person, being the head of a family and residing within this state, one wagon and the necessary harness for the use of one team, and that it is the duty of the officer when levying on wagons or harnesses by virtue of any process, to give the execution debtor on whose goods he levies such process an opportunity to select out and claim his exemptions; and if the officer fails so to give the defendant such reasonable opportunity, he is not deemed to have waived his right to such exemption, if he shall claim the same in a reasonable time."

This instruction the court gave, but modified it by adding at the bottom of it these words: "And way after such levy, and so as to not unjustly prejudice the judgment creditor." Given—plaintiff excepting to modification; to which modification of the instruction by the court plaintiff then and there duly excepted, for the reason that the same is contrary to the law in this case.

On the part of the defendant, the court gave the following instructions, against the objections of plaintiff:

"1. The court instructs the jury that, while the exemption laws are made for the protection of the debtor and his family, that to claim such exemption where selections are to be made, it is incumbent upon the debtor to use ordinary diligence in claiming such exemptions; and where from the lack of such ordinary diligence on the part of the debtor, it would result in loss and be unjust to the creditor, then the debtor would be barred from claiming the benefit of such exemption laws. And if you find the facts in this case in accordance with the above, you will bring in a verdict for the defendant.

"2. The court instructs the jury that the exemption laws are made for the benefit of the debtor and his family, but the debtor is required to use reasonable and ordinary diligence in asserting his claim to such exemption and making selections where selections are to be made, and to do so in such time and way as will not unjustly prejudice the judgment creditor.

"3. The court instructs the jury that, if they believe from the evidence that at the time of the levy of the first order of attachment in the case wherein C. D. Lawrence was plaintiff and said John M. Raper was defendant (being plaintiff herein), that the said Raper was the owner of and had two wagons, and at the time defendant herein as constable levied

the said order of attachment, the two wagons were in the possession of the plaintiff herein, and that the said Raper at the time of the levy of said attachment was present, and made no election or claim of exemption, and afterward the said Raper disposed of the wagon not levied upon, then the jury will take such facts into consideration in determining whether the plaintiff used reasonable and ordinary diligence in asserting the claim to said wagon claimed herein as exempt property, and in determining whether he claimed the same in such time and way as not to unjustly prejudice the judgment creditor in the execution.

"4. The court instructs the jury that, if a party places property in his wife's name for the purpose of defrauding his creditors, he cannot afterward and while it is so remaining, be heard to claim the same property as exempt as his own."

Instruction No. 4, asked by plaintiff, served no useful purpose, as the evidence of Lawrence and the affidavit of Falloon, (read as a deposition,) proved the sale of the butcher wagon before the seizure of the wagon in dispute under the execution, and therefore established the fact that plaintiff had only one wagon at the date of such seizure. Hence, there was no selection or choice to be made. The law made the property exempt, and the officer acted at his peril. (*Seip v. Tilghman*, 23 Kas. 289.) The modification, however, rendered the instruction injurious. Had the court rejected it *in toto*, no error would have been committed, but by changing it, a direction was given very different from that requested. If the instruction was asked upon the theory that no sale of the butcher wagon had been shown, it was unnecessary, as all the evidence clearly established the exercise by the plaintiff of the highest diligence in claiming the exemption of his property after the issuance of the execution. In view of the undisputed facts in the case, all the instructions for defendant were erroneous.

The trial court seems to have considered the conduct of the plaintiff at the instance of the first attachment as very important in controlling all subsequent proceedings, and because he failed then to claim the wagon as exempt, that to

some extent, the rights of a judgment creditor intervened. All of the instructions of defendant, except No. 4, are concerning the necessity of using diligence in demanding the exempt property. The court must have overlooked the facts that all the attachment proceedings ended on May 21, 1879, favorably to the plaintiff. The property was released under the order of the justice on both attachments. The first release was on May 16, 1879; the second, on May 21, 1879. The only claim the defendant had after the dissolution of the attachments, was the seizure of the property under the execution of the date of May 21, 1879. As plaintiff claimed the wagon as exempt, both before and on the day of such seizure and continued to make the claim up to the day of sale and on the day of sale, the various directions about the attachments and the use of ordinary diligence were irrelevant and clearly misleading. The jury must have believed that the plaintiff was barred from claiming the wagon as exempt, if he failed to give this notification at the first attachment. In this the plaintiff was prejudiced. The issue was as to the rights of the plaintiff on the date of the seizure under the execution; that is, whether the wagon was then exempt. The court had no right to carry the question of the ¦selection of the wagon back to the attachments. If plaintiff had only one wagon at the levy of the execution, no selection was required; if he had two, sufficient diligence was proven.

Again, the fourth instruction of the defendant ought to have been refused, because of the want of evidence to support it. It was based, we suppose, on the declaration of plaintiff made to defendant, on May 7, 1879, that the wagon belonged to his wife. This statement did not cause the defendant to release the property, or to levy on other property. In brief, the defendant was not led by the words or conduct of plaintiff to act to the prejudice of either the judgment creditor or himself. Whether the declaration was then true or false, we see no reason why the plaintiff, on a claim of exemption for the wagon seized under an execution several days thereafter, should be estopped from establishing the actual facts, and

from recovering the wagon, if at the date of such seizure it was exempt. We cannot find a *scintilla* of evidence in the record, of the wagon being placed in the wife's name to defraud creditors, unless the statement of plaintiff already quoted tends in that direction. In the absence of other evidence, the jurors ought not to have been confused with an issue of that character. This instruction evidently impressed the jurors, as after retirement they requested the court to explain, or rather to construe it a second time to them.

Some other questions are presented, but we think it unnecessary to make further comments.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.