State v. Boswell.

---

No. 26,282.

THE STATE OF KANSAS, *Appellee*, v. CALVIN BOSWELL, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Evidence—Silence to Accusations.* The fact that the defendant in a criminal case had refused to answer questions relating to the offense charged, at a time when he was under suspicion but had not been arrested, is held to have been properly admitted in evidence against him.

2. SAME—*Evidence—Other Arrests.* The admission of testimony that a witness had heard of the defendant in a criminal case having been arrested at another time than when he was taken in custody on the charge on trial is held not to have constituted reversible error.

3. BURGLARY; LARCENY—*Sufficiency of Circumstantial Evidence.* The evidence is held to support a conviction of burglary and larceny.

4. SAME—*Instructions—Necessity of Definition.* Under the circumstances presented there was no occasion for the instructions to include definitions of terms used in the statute concerning burglary and larceny.

5. CRIMINAL LAW—*Instructions—Time of Offense.* The rule is followed that it is not reversible error to include in the charge to the jury in a criminal case, even where the defense of alibi has been interposed, the statement that the state is not required to prove that the offense was committed on the particular date named in the information, where a full instruction concerning that defense is also given.

6. SAME—*Instructions—Necessity of Request.* In a criminal case where the state relies wholly on circumstantial evidence it is not reversible error to omit from an instruction on the subject a definition of the term, where no request has been made therefor. Other objections to the instruction given are held not to be well taken.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed November 7, 1925. Affirmed.

*E. C. Wilcox, J. Howard Wilcox,* both of Anthony, and *A. J. Stevens,* of Alva, Okla., for the appellant.

1. Criminal Law, 16 C. J. § 1256; 25 L. R. A., n. s., 543; 42 L. R. A., n. s., 890; 1 R. C. L. 480. 2. Id., 17 C. J. § 3675. 3. Burglary, 9 C. J. § 132; Larceny, 36 C. J. § 483. 4. Criminal Law, 16 C. J. § 2360. 5. Id., 16 C. J. §§ 2364, 2493. 6. Id., 16 C. J. § 2498.

*C. B. Griffith,* attorney-general, *R. H. Beebe,* county attorney, and *Donald Muir,* of Anthony, for the appellee.

The opinion of the court was delivered by

MASON, J.: Calvin Boswell appeals from a conviction upon charges of second degree burglary and grand larceny.

There was evidence tending to show these facts among others: At a little after four o'clock one morning indications were discovered of a forcible entry having been made into a garage in Duquoin, which had been closed at eleven o'clock the night before. A quantity of tires and automobile accessories were missing. By means of some peculiarities of tread a deputy sheriff followed the tracks of a car leading from the garage to Alva, Okla., a distance of some seventy miles, where a car which had been parked in the street since six o'clock in the morning was found, the tires of which corresponded to the trail that had been followed. The tracks showed that the car making them had been backed into a field of ripe wheat near the scene of the burglary, where some of the stolen goods were thrown away. The car at Alva had wheat hanging to it, caught on the brake rods. The car, which carried a Kansas license tag, belonged to the defendant, who lived at or near Alva. It was identified as his by the sheriff, who went after him and about six o'clock returned with him. He was asked by the deputy sheriff what he was doing with a Kansas tag on the car, and answered that he had taken it from his brother's car. In reply to a question he said his brother lived in Oklahoma. He was then asked what his brother was doing with a Kansas tag, and made no answer. In response to further questioning, he said he had not driven his car in wheat fields. He was asked about the wheat on his car, and made no answer.

1. Complaint is made of the admission of evidence that the defendant failed to answer the questions referred to. The situation was such that answers were naturally and reasonably to be expected, and such evidence is ordinarily admissible. (16 C. J. 632, 633; 8 R. C. L. 192; *State v. Cruse,* 112 Kan. 486, 212 Pac. 81.) The defendant, however, urges that the rule stated should not be applied here because he was in charge of an officer by whom he was being questioned. There is a division of judicial opinion on the subject, but some courts recognize an exception to the general rule where the accused is under arrest and in custody of an officer. (16 C. J. 633, 634.) Here the abstract does not show when the defendant was

arrested, or whether it was before or after the conversation referred to. Although the questioning was by a Kansas deputy in the presence of the Oklahoma sheriff we see no sufficient ground for excluding the evidence. In this connection objection is also made to the admission in evidence of the conversation between the Kansas officer and the Oklahoma sheriff, in which the latter. said the defendant owned the car. The ownership was shown later by direct testimony that he said it was his, and the conversation was not prejudicial in that respect or any other.

2. An alibi witness for the defendant testified that just before he was arrested he saw him eight miles west of Alva about four or five o'clock in the morning; that this might have been two or three days before he heard of his arrest; that he had no way of fixing the date, but was sure it was before the arrest. This testimony then followed, the defendant objecting and the court saying the last question was proper for the purpose of fixing the date:

"You know which particular arrest is being referred to here, do you not? No, sir, I don't. I just heard that he was arrested up here in Kansas.
"Have you heard of him being arrested at any other time? Yes, I have."

Whether or not the final query was admissible for the purpose stated, the mere development of the fact that the witness had heard of the defendant having been arrested at some other time, there being nothing to show upon what charge—whether that upon which he was being tried or some other—was not so prejudicial as to require a reversal.

3. The contention is made that the evidence did not support the verdict. The defendant argues that it was purely circumstantial, and was all consistent with the defendant's innocence. As shown by the outline already presented it tended to show his- guilt, and whether the degree of certainty required for a conviction was met was a matter finally settled in the trial court. The point is made that two parties who followed the trail disagreed as to the route taken for a part of the course. The effect of that discrepancy was likewise a question to be determined by the triers of the facts.

4. The information charged second degree burglary and grand larceny in the words of the statute defining those offenses. The jury were instructed to convict on the respective charges only in case the state had proved beyond a reasonable doubt all the allegations constituting the offenses, which were again set out in the statutory

language.  Complaint is made of this instruction on the ground that the technical terms of the statute and information—for instance, the word "felonious" as applied to larceny—should have been defined. In the situation presented, if the defendant was a party to the looting of the garage he was manifestly guilty of the offenses charged, and there was no occasion for any definitions or nice distinctions as to the meaning of the words used in charging them.

5.  The instructions included the usual statement to the effect that the precise time of the commission of an offense need not be alleged or proven.  There was no controversy as to the date of the burglary, and this instruction was not appropriate to the situation. Standing alone it would have constituted reversible error, inasmuch as the defendant relied upon evidence tending to prove an alibi. (*State v. Abbott,* 65 Kan. 139, 69 Pac. 160.)  But it was immediately followed by a full explanation of the force of such a defense, concluding with a direction to acquit if there was a reasonable doubt as to the presence of the defendant at the place and time the offense was committed.  In view of this qualification the jury could not have been misled.  (*State v. Moore,* 110 Kan. 732, 205 Pac. 644.)

6.  An instruction concerning circumstantial evidence is objected to because it does not define the term.  In the absence of any request on the subject, the omission does not require a reversal.  The instruction opened with the statement that the plaintiff was "relying in part  .  .  .  upon circumstantial evidence alone."  Of this phrase the defendant says: "The words 'in part' and 'alone' seem to be at variance with each other."  We do not so construe them. And if the words "in part" ought to have been omitted because of there being no direct evidence of the defendant's guilt, we see no probability of their use having misled the jury to the defendant's disadvantage.  A further verbal criticism of the instruction is made, which we think is without substantial merit.

The judgment is affirmed.