No. 26,114.

THE STATE OF KANSAS, *Appellee*, v. L. E. THOMPSON, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Appeal—Harmless Error—Instructions*. L. E. and C. were jointly charged with the larceny of an automobile. On the separate trial of L. E. the state's evidence tended to show the conspiracy, but that the automobile was actually taken by C. The defense of L. E. included an alibi. *Held*, it was not error of which L. E. can complain for the court to instruct the jury, among other things, that defendant could not be convicted unless they found that C. was present at the larceny.

2. SAME—*Instructions Inappropriate to Issue*. On the trial to a jury the court should not give an instruction inappropriate to the issues, even though it correctly states the law.

3. SAME—*Appeal—Nonprejudicial Instructions*. A conviction will not be reversed because of the giving of an inappropriate instruction which correctly states the law, unless the giving of such instruction affects the substantial rights of defendant.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed December 5, 1925. Affirmed.

*A. E. Crane, Guy L. Bradford*, both of Topeka, and *Barney E. Reilly*, of St. Joseph, Mo., for the appellant.

*C. B. Griffith*, attorney-general, *C. A. Burnett*, assistant attorney-general, and *Floyd W. Hobbs*, county attorney, for the appellee; *E. R. Sloan*, of Holton, of counsel.

The opinion of the court was delivered by

HARVEY, J.: L. E. Thompson and C. Thompson, brothers, were jointly charged in an information with the larceny of a Chevrolet touring car, the property of William Whitty, at Holton, Kan., on April 12, 1924. Upon a separate trial of L. E. Thompson he was found guilty and was sentenced. He has appealed and complains of instructions of the court, which will be hereafter specifically noted.

It was the theory of the state that the two Thompsons as early as March, 1924, had planned to steal a Chevrolet touring car and drive it to Oregon. The evidence tending to support that theory is in substance as follows: Sometime in March, 1924, the defendant, L. E. Thompson, in the presence of his brother, C. Thompson, at

1. Criminal Law, 17 C. J. § 3729; 29 A. L. R. 1142; 41 L. R. A. 533; 8 R. C. L. 224.   2. Id., 16 C. J. § 2482; 14 R. C. L. 782.   3. Id., 17 C. J. § 3690.

a soft-drink emporium designated a saloon, conducted by one Lyons at St. Joe, stated that he would give $100 for a Chevrolet touring, 1924 model, car, which he wanted to drive to Oregon. On March 31, L. E. Thompson made written application to the secretary of state of Oregon for the registration of a Chevrolet touring car, 1924 model, motor number 1305654, factory number 3F24564, representing in such application that he was the legal owner of the car, paid the license fee thereon, and requested the license and license plate to be mailed to B. H. Hamilton, R. F. D. 1, Klamath Falls, Ore. The license and license plate were mailed by the secretary of state to Hamilton, and by him forwarded to L. E. Thompson, who at that time was living at Horton, Kan. At the time of making this application L. E. Thompson did not own a Chevrolet touring car. On April 12, 1924, William Whitty was the owner of Chevrolet touring car, 1924 model, serial number 3B120319, motor number L7239. Mr. Whitty was a barber at Holton, Kan., and on that evening left the car standing on the street about six-thirty o'clock and worked in his shop until ten-thirty or eleven. When he went to get the car to go home it was gone. He notified the sheriff, but they were unable at that time to locate it. C. Thompson, charged jointly with appellant in this case, was in Holton the evening of April 12, together with some one who was not identified, and was shaved by Whitty at his barber shop about seven-thirty in the evening. The car was later found in the possession of L. E. Thompson at Klamath Falls, Ore. When found it bore the Oregon license tag, which had been issued on the written application of L. E. Thompson, and which he had put on the car at Horton. The serial number had been taken off the car and the original motor number had been ground off the fly-wheel, and the manifold and a new number placed thereon. The new number was 1305654. The car was returned to Holton and experts called to examine it. After heating the flywheel the original motor number of the car was brought out and found to be L7239. This identified the car returned from Oregon as the one stolen from Whitty, and it is not now contended that there was any lack of proper identification. Appellant's explanation of how he came in possession of this car was as follows: He says that on March 17, he went to Topeka and saw this car with a "for sale" sign on it in front of the Dodge Brothers Motor Company garage; that he then agreed to purchase it, paid $25 down on it; that a bill of sale was there executed, signed by L. B. Bassett in the presence of C. N.

Odin; that the car was to be delivered to him later; that it was delivered to him at Horton, Kan., on the evening of April 15; that he then completed the purchase by paying $485 in cash, and placed the Oregon license tag on it. At Horton, on April 16, appellant had bumpers, a spare tire and motor meter put on the car at the garage of A. Poston. He then drove the car from Horton to Oregon, leaving Horton on April 17. There was considerable evidence on behalf of defendants tending to show that neither L. E. Thompson nor C. Thompson was in Holton on April 12. This evidence tended to show that L. E. Thompson was at St. Joe on that date, that C. Thompson had been at Frankfort, Kan., came to Topeka on April 12, and drove to Valley Falls and stayed all night at the hotel, but in the evening had driven to the country to see relatives and friends. The state had no evidence that L. E. Thompson was in Holton on that date, but did have evidence of Whitty and another that C. Thompson was at Holton in the evening about seven-thirty. The court gave the following instructions, among others:

"You are instructed that under the law of Kansas, anyone who aids, abets or assists another, or others, in the commission of any crime, either by conspiring or confederating together, counseling and advising in the commission of such crime and the preparation thereof, is equally guilty with the one actually committing the crime, and you are therefore instructed in this case, that should you find that the defendant conspired and confederated with Champ Thompson, or any other person, for the commission of the crime alleged in the information, and that he did in any way aid, assist or abet in its commission by counsel or otherwise knowingly, then he is guilty as though he had himself, without assistance, committed the crime.

"If you find from the evidence, as hereinbefore instructed, that the defendant Leonard Thompson aided, abetted or assisted in the larceny of the automobile in question, if any larceny was in fact committed, and the same was taken from Jackson county, Kansas, you should find the defendant guilty, though you further find that the defendant was not at the time in Jackson county, Kansas.

"The defendant claims as a defense, among other things, what is commonly known as an alibi; that is, that at the time of the commission of the alleged offense he was at another place and not personally present so he could have committed the crime charged against him. In a criminal action where the defense of an alibi is set up it does not devolve upon the defendant to prove that defense by a preponderance of the evidence or beyond a reasonable doubt. Where it is claimed that the accused was personally present at the commission of the alleged crime and such personal presence is necessary to a conviction, then you must be satisfied, beyond a reasonable doubt, of the personal presence of the defendant; and if, from all the evidence, you have a reasonable doubt as to whether Champ Thompson was personally present

at the time of the commission of the alleged offense, then you should acquit the defendant."

Appellant's specific objection is directed at the last part of instruction No. 13, which reads:

"And if, from all the evidence, you have a reasonable doubt as to whether Champ Thompson was personally present at the time of the commission of the alleged offense, then you should acquit the defendant."

Appellant contends that since he, L. E. Thompson, was on trial at that time, it was highly improper for the court to tell the jury that his guilt or innocence depended on the question whether or not C. Thompson was personally present at the time of the commission of the offense. In view of the theory of the prosecution, the evidence of the case, and other instructions given, this phrase objected to was really beneficial to the defendant then on trial. It required the jury positively to find, not only the conspiracy of the two Thompsons to steal the car, and the larceny, but also to find that C. Thompson was personally present at the time of the commission of the offense. It is hardly open to the interpretation given to it by appellant that they must find the defendant guilty if they find that C. Thompson was present. If the two persons charged had conspired or agreed between themselves to steal a Chevrolet touring car to drive through to Oregon, and if in pursuance of that agreement one of them, the defendant here, made the application for a license at a time when neither of them had such a car, and one of them, C. Thompson, actually stole it and took it to the other, who had its appearance changed by putting on bumpers, spare tire, motor meter, and the license tag of another state, and one or the other of whom had the numbers on it changed so as to correspond with the application made by L. E. Thompson for the license from the secretary of state, it was not at all essential in establishing the guilt of L. E. Thompson to show that he was personally present, but since the evidence of the state disclosed only two persons to be in this conspiracy, it was essential that they show that C. Thompson was present, and there was no error in the court so instructing the jury.

The trial court gave an instruction that "it is not necessary for the prosecution to prove the exact time alleged in the information, but it must prove that the alleged crime was committed within the county of Jackson and state of Kansas, and within two years prior to the institution of the prosecution, which was on August 6, 1924."

Appellant contends that where an alibi is attempted to be established, the time of the commission of the offense is of great importance, and the state should be held to prove that the offense was committed on the specific date alleged. This contention is correct. In this case there was no confusion in the pleadings or the evidence about the date of the larceny. The information alleged a definite date of the larceny, April 12, 1924, and the evidence of the state showed that to be the date. There was no issue in the case to be considered by the jury concerning the date of the larceny. It is never good practice to instruct the jury upon matters which are not in issue, even though the instruction correctly states the law. But this error of the court does not require, or even permit (R. S. 62-1718), a reversal unless it can be said that it was prejudicial to defendant. It is clear that it worked no prejudice in this case, for both the information and the state's evidence fixed the time of the larceny as April 12, 1924; defendant presented his evidence as to alibi for that date, and there is no contention that the alibi was for a date differing from the date of the larceny. Had the information charged a definite date of the offense, and had defendant prepared to offer evidence to show his whereabouts on that date with a view of establishing an alibi, and then had the evidence of the state shown the offense to have been committed on some other date, the defendant might have been prejudiced in being unable, pending the trial, to produce evidence as to his whereabouts on such changed date. But we have no such situation as that here. This court has previously said this instruction should not be given when it is inappropriate to the issues, but the giving of it when inappropriate will not require a reversal unless prejudicial. See *State v. Boswell*, ante, p. 670, and cases there cited.

The judgment of the court below is affirmed.