No. 28,885.

The State of Kansas, *Appellee*, v. Harold Wise et al., *Appellants*.

(281 Pac. 886.)

Opinion filed November 9, 1929.

*R. E. Angle,* of Wichita, for the appellants.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *William J. Wertz,* county attorney, and *George L. Adams,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by Harold Wise from a conviction upon a charge of robbery in the first degree. In the information three persons, namely, Harold Wise, Jay Steele and Ira A. Baldon, were charged with robbing J. H. Rule of $35 on September 3, 1928, who, with a young lady, was riding in an automobile and the offense was committed at a point near Wichita. Testimony was offered to the effect that Rule and his companion were

traveling west from Wichita on McCormick street, and then turned south, traveling in that direction about three or four miles, when they turned west on a cross road about a half mile, where they parked their car. An Essex car driving slowly, occupied by three persons, was passed by the Rule car, and afterwards the Essex car passed the Rule car, and while the Rule car was parked on the cross street two of the defendants from the Essex car came up and with flash-lights and a display of guns ordered Rule to get out of his car, which he did after some hesitation, and then they went through his clothes and took $35 from him. Wise, the third person, remained in the car and kept the motor running, and afterwards all three of them drove back to Wichita. It appears that these three parties were together early on the evening of the robbery and had a conversation wherein they discussed the holding up of persons in order to get some money, as they were all broke. Wise and Steele were convicted, and Steele, who was sentenced to the reformatory at Hutchinson, has not appealed. Baldon, who had announced that he would enter a plea of guilty, was not tried with the other defendants, and he gave testimony for the state as to the commission of the robbery.

One of the points raised on the appeal of Wise is that the state failed to prove that the offense was committed in Sedgwick county as alleged in the information. Although the testimony upon this subject is meager, it is deemed to be sufficient to show the offense was committed within the jurisdiction of the court rendering the judgment. The court can take notice of the location of the city and of the boundaries of the county, and there was testimony as to the directions and distances traveled by Rule and his companion from Wichita to the place of the robbery, indicating that the place was within the county, but in addition to this, after the place had been described as being near a certain bridge and a marsh, a witness who heard the place described and who knew the locality testified that the place was in Sedgwick county.

It is further urged that much immaterial testimony was admitted in evidence, particularly as to the movements of the defendants on the day the offense was committed and as to their having traveled together in a certain Essex car. A reading of the record does not disclose that there is any merit in this contention. The defendant has not set forth in detail in his-brief the testimony alleged to be objectionable and we deem it unnecessary to set it out in this opinion.

Complaint is made that jurors were permitted to ask defendant some questions after both parties had rested. It may be noted that there was no objection made to the jurors asking the questions or to the character of questions asked. However, there was no error in the jurors asking pertinent questions touching the commission of the offense. On the contrary, it disclosed a cautious desire on the part of the jurors to ascertain the actual facts in the case so that a just verdict might be returned. In case improper questions are asked it would be the duty of the defendant to make timely objections, but this was not done. Nor was there any error in allowing the jury to return and have certain portions of the testimony read to them, as this was evidently done in order to clarify their understanding of the evidence.

Another objection is that Aultman, a witness, was allowed to testify that on September 28 some of the three parties engaged in the robbery purchased from him five gallons of gasoline and pawned a spotlight for it. They told him they wanted some high-powered gas, as they had to make some money that night. The objection was that it was an attempt to impeach a witness on a collateral matter, but it is obvious that this and also some other objections raised as to the admission of evidence is without material error.

Complaint is also made that an instruction on alibi was given by the court, in which it was said:

"You are further instructed that one of the defenses made by the defendants in this case is what is known as an alibi, that is, that the defendants were in another place at the time of the commission of the crime. This is a proper defense, if proven; and if, in view of all the evidence, the jury have a reasonable doubt as to the presence of the defendants at the time when and the place where the crime was committed, they should give the defendants the benefit of the doubt and find them not guilty.

"The defendants are not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of the evidence. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of their presence at the time and place of the commission of the crime charged, if you find that a crime was committed. You will understand, also, that the attempt of the defendants to prove an alibi does not shift the burden of proof from the prosecution, but that the prosecution is bound to prove their presence beyond a reasonable doubt.

"The testimony offered to prove this defense should be subjected, like all the evidence in the case, to rigid scrutiny, for the reason that witnesses, even when truthful, may be honestly mistaken in, or forgetful of, times and places."

As testimony was introduced by the defendant to the effect that

he was at another place at the time the offense was committed, the defendant might well have complained if an instruction on the subject had not been given. The specific objections to the language of the instruction are not pointed out by the defendant, but within the rule laid down in State v. Thompson, 119 Kan. 743, 241 Pac. 110, where a similar instruction had been given and was approved, there was no error in the instruction.

There is a complaint, too, that there was error in an instruction in which it was said:

"You are instructed that the state to some extent relies upon the testimony of the witness Baldon, who under the law is what is known as an accomplice; and in this connection you are instructed that the degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury, but great caution should be used in weighing such testimony, and the jury should not convict upon the testimony of an accomplice alone, unless his testimony is corroborated by other evidence on some material point in issue; but such corroboration need not be as to everything to which the accomplice has testified."

It is argued that the testimony of an accomplice is viewed with doubt and suspicion and is valueless unless it is corroborated. Assuming that such testimony is of no force unless supported by testimony of other witnesses, it must be held that there was evidence corroborating that of Baldon, and in any view the defendant has no ground to complain of the instruction.

Considerable is said that the testimony of the accomplice should be given little if any credence because it was procured upon the promise of the state to Baldon of immunity from prosecution or punishment. The testimony is to the effect that the county attorney did not agree that there would be no prosecution, but it appears that he did say to him that if he would come clean and tell all the facts in the case, he, the county attorney, would recommend leniency in his case and the granting of a parole. Such an arrangement did not render the testimony of the accomplice inadmissible, and how far his testimony was weakened by his personal interest or how much credence should be given to his testimony were matters for the consideration and decision of the jury. There appears to be plenty of evidence to support the verdict.

As the conviction must be sustained, it is unnecessary to consider a question of error raised by the state upon an adverse ruling.

The judgment is affirmed.