## No. 31,879

THE STATE OF KANSAS, *Appellee*, v. JOHN HARTSOCK, *Appellant.*

(37 P. 2d 36)

Opinion filed November 3, 1934.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener,* all of Atchison, for the appellant.

*Roland Boynton,* attorney-general, and *Maurice P. O'Keefe,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by the defendant, charged with and convicted of murder in the first degree, assigning many errors, mainly as to the introduction of testimony and the giving of instructions.

The defendant was charged with killing his neighbor, Frank Case, on the farm of another neighbor, Grover Young, in Atchison county, by shooting him with a pistol or revolver. The evidence shows they had been on unfriendly terms for three or more years, and a few days before the shooting the defendant, having heard that Case had some letters that belonged to or concerned the defendant, went to the Case farm and demanded the letters. Case did not comply with this demand, and harsh words followed. Several days later and about a half hour before the shooting they met on the public highway where a similar demand was made and refused, accompanied with harsh language. Both had been requested by Grover Young to help him that afternoon with his clover hulling. After the meeting on the road the defendant went on west to Young's farm, and Case continued east to get a wagon and then went west to the Young farm. The defendant arrived at the Young farm first and was about 270 feet away from where Case stopped with his wagon near the house, where he was talking with Mrs. Young, when the defendant came over to where they were and an encounter followed which resulted in Case being shot three times with a revolver, and he died almost instantly after the shooting.

There was evidence introduced by the state to the effect witnesses had seen defendant in the last few years carrying a pistol; that it was nothing unusual to see him carrying a pistol; that he carried it in a holster or in his pocket. The witness for the state who said he took the gun away from the defendant after the shooting, said—

"I have seen Hartsock with a pistol a lot of times. He carried it in a holster. Saw him with it when he was plowing wheat and corn. Was accustomed to carrying a pistol."

At the close of the state's evidence the following admission was made by one of the attorneys for defendant:

"It is admitted by the defendant that he carried a pistol for a period of ten years, and that he had not received during that period of time any legal appointment as deputy sheriff of Atchison county, Kansas, nor any written permission to carry a gun."

Mrs. Young, called by the defendant and the only eyewitness to the entire affray, said, "If Hartsock had a gun he had it concealed."

The appellant insists that the giving of instruction No. 29 is reversible error. It is as follows:

"You are instructed that it is against the laws of the state of Kansas for one not an officer of the law, or a deputy to such officer, to carry on his person, in a concealed manner, a pistol or any other deadly weapon."

The appellant was not charged directly or indirectly with the crime of carrying a concealed weapon, neither was that crime included in the charge of murder nor in any of the lesser degrees of murder or manslaughter. It is not claimed by appellant that the possession and carrying of a revolver by the defendant, concealed or not concealed, was not proper and pertinent evidence under the issues involved for the purpose of showing the intention of the defendant in carrying it. The admission above quoted includes everything in this connection except the feature of concealment. That was a matter for the jury rather than the court as far as the question of concealment might affect the issues involved.

Appellant contends that he was entitled to the presumption, until the contrary appeared beyond a reasonable doubt, that he was a law-abiding citizen, and did not have on his person on the day of the homicide a concealed pistol and that it was not being carried in violation of any law. Appellant insists that the giving of this unnecessary instruction prejudiced and handicapped him by denouncing and branding him as a violator of the laws of the state. In the case of *State v. Post*, 139 Kan. 345, 30 P. 2d 1089, an instruction in a murder case was given as to the defendant carrying a concealed weapon, but the jury was plainly told in the instruction that the defendant was not on trial for that offense and that such evidence could only be considered by them for the purpose of determining the intention of the defendant in carrying the weapon. The substance of the instruction given in that case is stated in the opinion, on page 350, as follows:

"The court instructed the jury it was a misdemeanor for defendant to carry on his person, in a concealed manner, the pistol introduced in evidence, but that defendant was not on trial for that offense; and evidence purporting to show he did carry a concealed weapon could be considered only for the purpose of determining defendant's intention in carrying the weapon."

The state admits this decision is pertinent and that it states the correct rule if any instruction is given on this subject, but insists

that the defendant cannot now be heard to object to the instruction as given since he did not, at the time it was given, object thereto or request another instruction on the subject or a modification of the one given. The record does not show any objection to the instructions given until the filing of the motion for a new trial. The state cites the cases of *State v. Clough,* 70 Kan. 510, 79 Pac. 117, *State v. Turner,* 114 Kan. 721, 220 Pac. 254, and others in support of this contention. The former case was where the charge was robbery in the first degree, which, of course, under certain circumstances, might include robbery in the second degree and the crimes of grand and petit larceny, and the trial court instructed only as to robbery in the first degree, and upon appeal this court held it was the duty of the defendant to object to the omission of instructions on the lesser offenses included in the charge or request such additional instructions at the time. This involved the defendant's theory of the case under the evidence introduced. In the latter case this court, on page 723, said—

"The defendant is hardly in position to complain of the inadequacy of an instruction where he has made no objection to it, nor requested a fuller instruction. Where the general charge of the court fairly presents the case to the jury, a party who desires an instruction upon a particular question should request it and cannot predicate error upon the omission if he has not done so."

Neither case fully meets the situation here for this is not an omission of an instruction concerning the issues involved as in the Clough case, nor where the defendant desired an instruction upon a particular subject, as in the Turner case. The case at bar is where in addition to fully instructing the jury as to the crime the court gave the jury an additional instruction concerning a crime not included in the charge, and which the defendant had no reason to believe would be given. R. S. 62-1447 requires that the court in charging the jury must state to it all matters of law which are necessary for its information in reaching its verdict. The criminal feature of carrying a concealed weapon was not necessary for the information and instruction of the jury in this case in arriving at its verdict. It was excused in the Post case when it was distinctly made to apply only to the evidence as showing an intention, and the jury was warned therein that the defendant was not on trial for carrying a concealed weapon.

A number of decisions of this court make it incumbent upon the defendant to propose or request instructions along certain lines and

theories, but our attention has not been directed to any cases where this duty is imposed upon the defendant concerning an instruction as to a crime not charged in the information. Neither would it seem to be necessary for defendant to request the modification of an instruction giving an abstract statement of law not related to the crime charged.

"When the court gives instructions on the issues to be determined by the jury, as provided by statute (R. S. 60-2909), and one or more of the instructions includes statements of the law with respect to such issues which are clearly erroneous, it is not necessary, in order to predicate error upon the giving of such instructions, that the party against whom such erroneous instructions were given make a record of exceptions to the instructions as given, or of objections thereto, or of his motion for their modification before or at the time they were read to the jury." (*Richardson v. Business Men's Protective Ass'n,* 129 Kan. 700, syl ¶ 2, 284 Pac. 599.)

In the case of *State v. Thompson,* 119 Kan. 743, 241 Pac. 110, it was said—

"On the trial to a jury the court should not give an instruction inappropriate to the issues, even though it correctly states the law." (Syl. ¶ 2.)

In this case it was, however, held that the giving of the unnecessary instruction did not affect the substantial rights of the defendant. The instruction complained of was concerning the date of the commission of a larceny where the defense was an alibi, and it was said in the opinion that the defendant might have been prejudiced by the instruction had the evidence of the state shown the commission of the offense on a date different from a specific one named in the information. A very similar matter is involved in the case of *State v. Boswell,* 119 Kan. 670, 240 Pac. 848, and a similar ruling.

In the case of *State v. Whitaker,* 35 Kan. 731, 12 Pac. 106, it was said—

"Where the defendant is charged with the crime of murder in the first degree, an instruction which contains inferences and suggestions to the jury, not warranted by the facts in evidence, is erroneous; and unless it clearly appears that the defendant did not sustain any injury by such misdirection, the verdict in such a case must be set aside." (Syl. ¶ 2.)

In *State v. Tawney,* 81 Kan. 162, 105 Pac. 218, it was said—

"It is not proper for a court in instructing a jury to call special attention to an isolated fact, and by making it prominent suggest to the jury that it is of greater significance and weight than other unmentioned facts in the case which are of no less importance." (Syl. ¶ 6.)

The following is the syllabus in an early replevin case:

"Instructions should be applicable to the case under consideration, and where it is reasonably made to appear that the jury have been misled to the prejudice of the rights of the party moving for a new trial by instructions upon irrelevant issues, or matters foreign to the case, a new trial will be granted." (*Raper v. Blair*, 24 Kan. 374.)

The state insists that to hold the giving of this instruction to be reversible error would be in disregard of R. S. 62-1718, which requires that on appeal the court must give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties. A majority of the court regard the giving of this unnecessary instruction as an error which did affect and was seriously prejudicial to the substantial rights of the defendant. Suppose instead of the instruction being concerning the carrying of a concealed weapon, the evidence had shown that the defendant used as a weapon in connection with the homicide a lever or other part of an equipment of a still he was said to be operating, would an instruction as to the crime of operating a still have been proper and without prejudice? Or suppose there had been evidence to the effect that defendant shortly before the time of the homicide went across the road and procured from a store or residence, without the knowledge or consent of the owner, the pistol used in connection with the homicide, could an instruction as to the crime of larceny have been given without affecting the substantial rights of the defendant? We think not.

There are other assignments of error, but our conclusion that the giving of instruction No. 29 without explanations and limitations as were given in the instruction in the Post case requires a reversal of the judgment and the granting of a new trial, and it will, therefore, be unnecessary to consider and pass upon the other assignments of error.

The judgment is reversed, and a new trial is directed to be granted.

Dawson and Harvey, JJ., dissenting.