STATE OF KANSAS, *Appellee*, v. EDNA MAE BOOKER, *Appellant*.

(415 P. 2d 411)

Opinion filed June 11, 1966.

*Russell Shultz,* of Wichita, argued the cause, and *Larry Kirby,* of Wichita, was with him on the briefs for the appellant.

*A. J. Focht,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: Edna Mae Booker was charged in the district court of Sedgwick County with the murder of her husband, James Booker, by shooting him with a pistol at 5 p. m. on March 8, 1965. She was tried by a jury and convicted of manslaughter in the first degree, K. S. A. 21-407. She has appealed and complains principally of instructions given, instructions refused and the admission into evidence of certain Exhibits by the trial court.

A narration of events leading up to the homicide involves the stormy married life of the defendant and her deceased husband.

The Bookers were married in 1952. They were in their middle thirties at the time of the fatal shooting. Edna had one child, Wilda Jean Farley, by another man, prior to their marriage, and three children were born to the Bookers during their marriage.

The Bookers had lived in Wichita for eight years. During that time James had been steadily employed at the Boeing Airplane Company except for a layoff he was experiencing at the time of his death. The defendant was employed as a waitress in a restaurant in Wichita.

The Bookers experienced frequent arguments and considerable dissension during the course of their marriage. On several occasions

their arguments progressed from vocal to physical conflict. After one such event, on Halloween night of 1964, the defendant was hospitalized for several days. During a period of approximately one year preceding the final marital conflict, the defendant was keeping company with another man, Charles F. McElroy. McElroy was a Sergeant in the Air Force stationed at McConnell Air Force Base in Wichita. The defendant admitted she had spent a night with Sergeant McElroy in the same motel room in the Holiday Inn Motel in Kansas City and that she had stayed with him in a motel in Wichita on two or three occasions.

The defendant's association with Sergeant McElroy precipitated the final and fatal affray between the Bookers. The defendant saw Sergeant McElroy on the night of March 7, 1965, and returned to the Booker home about 1 a. m. on March 8. No lights were on in the house but the decedent was sitting on the divan waiting for defendant. Decedent accused Edna of seeing another man. An argument ensued which developed into an altercation resulting in bruises on defendant's arms and legs and a black eye. The defendant testified that she remained up the rest of the night; went to work the next morning and took the small .25 caliber pistol with her. During the day the decedent called and told her he had found the receipt from the motel in Kansas City. After she returned home from work the argument continued during a trip to the grocery store. After returning from the grocery store the defendant went into the bedroom and transferred the pistol from her purse to a pocket in her dress. She returned to the living room and told her husband that she had the pistol. Defendant testified she was sitting on the divan when the decedent got up and came toward her appearing quite angry and that before he reached her she took the pistol from her pocket and fired. She testified that Booker grasped her hand in which she held the pistol and then wrestled around with her. During the struggle a lamp was broken. She did not know how many times the pistol was fired but she did fire at him and he fell to the floor in front of the divan.

The postmortem revealed there were four slugs in the body of decedent, one in each cheek, one in the left shoulder area and one in the left lateral chest wall. Dr. Carl Neudorfer, a pathologist, testified that the latter two bullets pierced vital organs and caused the death of decedent.

The defendant reported the shooting to the Wichita police dispatcher. The police arrived at the Booker home a few minutes after the shooting. Mrs. Booker was taken to police headquarters

where she admitted the shooting but claimed her husband was attacking her and that she was fearful of him. She was then charged as heretofore indicated and after a preliminary hearing tried in the district court.

Promptly after the verdict was returned, counsel for defendant announced that he wished to file a motion for a new trial and a motion was filed within the time alloted by the court. Three points were raised in the motion for a new trial, but at the hearing defendant's counsel announced that one point was abandoned. The remaining points concerned the admission of an Exhibit in connection with the autopsy and alleged erroneous instructions given by the court.

The appellant insists that the giving of the instruction No. 11 is reversible error. It is as follows:

"Section 21-2411 of the Revised Statutes of Kansas, 1949, provides that no person who is not an officer of the law, or a deputy to such officer shall carry on his person in a concealed manner any pistol or other deadly weapon."

The appellant was charged in the information with murder in the first degree. The jury was correctly instructed that the charge of murder in the first degree in this case included murder in the second degree and manslaughter in the first, third and fourth degrees. The appellant was not charged directly or indirectly with the crime of carrying a concealed weapon.

The general rule that instructions should be confined to issues made by the pleadings and should not be broader or narrower than the information (23A C. J. S., Criminal Law, § 1311, p. 759) has been consistently adhered to in this jurisdiction. Instructions given in violation of the rule have never been condoned although excused in cases where it was found that the substantial rights of the defendant were not prejudiced as in *State v. Thompson*, 119 Kan. 743, 241 Pac. 110, and in *State v. Barbour*, 142 Kan. 200, 46 P. 2d 841. See also *State v. Whitaker*, 35 Kan. 731, 12 Pac. 106, and *State v. Tawney*, 81 Kan. 162, 105 Pac. 218.

The appellant argues that under the authority of *State v. Hartsock*, 140 Kan. 428, 37 P. 2d 36, the giving of the challenged instruction must be held reversible error. We are constrained to agree with appellant's contention.

In the *Hartsock* case the charge was also first degree murder and the instruction given concerning the carrying of a concealed weapon was substantially the same as that submitted in the instant

case. In reversing the judgment, and in directing a new trial, in the *Hartsock* case it was stated:

". . . The case at bar is where in addition to fully instructing the jury as to the crime the court gave the jury an additional instruction concerning a crime not included in the charge, and which the defendant had no reason to believe would be given. R. S. 62-1447 requires that the court in charging the jury must state to it all matters of law which are necessary for its information in reaching its verdict. The criminal feature of carrying a concealed weapon was not necessary for the information and instruction of the jury in this case in arriving at its verdict. It was excused in the Post case when it was distinctly made to apply only to the evidence as showing an intention, and the jury was warned therein that the defendant was not on trial for carrying a concealed weapon.

"A number of decisions of this court make it incumbent upon the defendant to propose or request instructions along certain lines and theories, but our attention has not been directed to any cases where this duty is imposed upon the defendant concerning an instruction as to a crime not charged in the information. Neither would it seem to be necessary for defendant to request the modification of an instruction giving an abstract statement of law not related to the crime charged." (pp. 431, 432.)

Our attention has been directed to two other cases in which an instruction pertaining to the concealed weapon statute was given. In a murder case, *State v. Post,* 139 Kan. 345, 30 P. 2d 1089, the instruction was approved where the jury's consideration was limited to the purpose of determining intention. The instruction read:

". . . it was a misdemeanor for defendant to carry on his person in a concealed manner the pistol introduced in evidence, but that defendant was not on trial for that offense; and evidence purporting to show he did carry a concealed weapon could be considered only for the purpose of determining defendant's intention in carrying the weapon. . . ." (p. 350.)

It was pointed out in the *Hartsock* opinion the instruction in the *Post* case carefully limited the jury's consideration of the instruction and explained the application to the issue of determining intention. Coupled with the limitation and explanation of the jury's consideration, as was done in the *Post* case, the instruction would not have been objectionable here.

A similar instruction was considered in *State v. Barbour,* supra, where it was held:

"In a prosecution for murder it was error for the court to instruct the jury respecting the offense of carrying concealed weapons, since that offense was not contained within the charge on which defendant was being tried. In view of the fact that no objection was made to the instruction in the court below, that this point was not stressed in the argument, or elsewhere in the trial, and that it could have had but little bearing under the facts of this case, it is held the error does not require or justify a reversal." (Syl. ¶ 3.)

The error cannot be excused in the case at bar as it was in the *Barbour* case.

The instruction was not objected to when given in the case at bar but the question was specifically raised before the lower court in the motion for a new trial and argued at the hearing. Further, in the instant case, the county attorney stressed the matter to the jury in his closing argument. A part of his argument on this point is:

"She shot and killed him with a dangerous and deadly weapon, the pistol, no question about that, she shot him. No question about that. Was she justifiably armed with a pistol? No. She was in violation of a positive command of law. You, you, you, you, her, nobody except a duly constituted officer of the law in this State can carry concealed pistols."

The instruction in this case was not qualified or limited in its application to the issue of appellant's intention, and the error in submitting the instruction in the form given was enhanced by the remarks of the county attorney in the final argument. Therefore, we are unable to say the substantial rights of the appellant were not affected. Since our conclusion on this point requires a reversal of the judgment and the granting of a new trial it is unnecessary to consider and pass upon other assignments of error.

The judgment is reversed with directions to grant a new trial.