No. 48,976

STATE OF KANSAS, *Appellee,* v. JOHN A. WILSON, *Appellant.*

(575 P.2d 32)

Opinion filed February 25, 1978.

*Frank E. Robbins,* of Hiebsch, Robbins & Tinker, of Wichita, argued the cause and was on the brief for appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by the defendant-appellant from a jury conviction of one count of aggravated battery (K.S.A. 21-3414) and one count of criminal injury to persons (formerly K.S.A. 21-3431). Defendant was originally charged with two counts of aggravated battery and the court had instructed the jury on criminal injury to persons as being a lesser included offense.

The factual situation as described by the witnesses for the state and those for defendant is greatly disputed. At approximately 11:30 p.m. on May 3, 1976, the defendant and a friend, John Bailey, arrived at defendant's residence in northeast Wichita. Earnest and Hattie Ballard resided across the street from defendant. It appears that for some time there had been a neighborhood feud going on between the Wilsons and the Ballards. Defendant contends that as he and Mr. Bailey were entering defendant's residence Mrs. Ballard shouted obscenities at them. Mrs. Ballard denies this. Shortly thereafter, as defendant opened his front door to let Mr. Bailey depart, he contends two shots were fired from across the street by Hattie Ballard. Mrs. Ballard denies she fired any shots or had a gun. Defendant grabbed a shotgun from behind his front door and fired one shot into the air over the Ballard house. Mr. Ballard then came out of his house to see what

was going on. Defendant contends Mr. Ballard challenged defendant to come out in the street and upon his refusal Ballard came upon defendant's property with his hand in his pocket. Mr. Ballard contends he and Mrs. Ballard were on their side of the street with Mrs. Ballard sitting in the front seat of her car and Mr. Ballard standing beside her with the car door open. Defendant, thinking Ballard had a gun, attempted to fire his shotgun into the ground. The shotgun misfired and as defendant was working with it the gun discharged and pellets hit both Mr. and Mrs. Ballard. Defendant argues that he was merely acting in self defense to protect himself, his home and his friend, Bailey.

Defendant raises several points on appeal, most of which relate to instructions given to the jury over defendant's objection.

Instruction No. 4 stated the law regarding "burden of proof" and "reasonable doubt," as follows:

"The law places the burden upon the State to prove the defendant is guilty. The law does not require the defendant to prove his innocence. Accordingly, you must assume that the defendant is innocent unless you are convinced from all the evidence in the case that he is guilty.

"You should evaluate the evidence admitted in this case and determine the innocence or guilt of the defendant entirely in accordance with these instructions. The test to be applied to each count is this: If you have a reasonable doubt as to the truth of any of the *elements of any crime charged,* you should find the defendant not guilty of that crime. If you have no reasonable doubt as to the truth of any of them, you should find the defendant guilty. (Emphasis added)

". . . ."

PIK Criminal, 52.02 is identical with the instruction given by the court except for the part emphasized above which is stated in 52.02 as *"claims made by the state."* PIK 52.02 has been repeatedly approved by this court (*State v. Taylor,* 212 Kan. 780, 784, 512 P.2d 449 [1973]; *State v. Wilkins,* 215 Kan. 145, 523 P.2d 728 [1974]) and the defendant's attempt to distinguish it from the court's instruction in this case is without merit.

Defendant requested that the court give PIK Criminal instructions 54.17 and 54.18 on the use of force in defense of one's person and dwelling. The court found there was no evidence to justify an instruction on defense of defendant's dwelling and refused to give 54.17 as being an inadequate statement of the law on self defense. In place of 54.17 the court gave four instructions numbered 5 through 8. Instruction No. 5 reads:

"Although a person may lawfully use a weapon in defending himself against

the imminent use of force as defined in these instructions, he may not lawfully arm himself in anticipation of threats being carried out, nor may he arm himself for the reason that because of the dangerous character of the deceased he might be forced to repel a dangerous and deadly assault at the hands of another."

In *State v. Ringler,* 194 Kan. 133, 397 P.2d 390, we stated at page 135:

"It is true that one of the court's duties is to instruct the jury on the law applicable to the theories of both parties so far as they are supported by any competent evidence. The instructions given must be germane to the issues raised by the pleadings and must be limited to those issues supported by some evidence." (Citations omitted.)

More recently this court has held:

"It is always improper to instruct a jury upon matters which are not in issue, . . . . But this error of the court does not require a reversal unless it can be said that it was prejudicial to the rights of the defendant." *State v. Floyd,* 210 Kan. 383, 388, 502 P.2d 744 (1972), citing *State v. Thompson,* 119 Kan. 743, 241 P. 110.

Instruction No. 5 given by the trial court is not only an incorrect statement of the law but also an incorrect statement of the facts and issues in that it refers to matters which were not present in this case. There was no homicide involved and no evidence that defendant armed himself "for the reason that because of the dangerous character of the deceased he might be forced to repel a dangerous and deadly assault at the hands of another."

We are of the opinion the instruction is so erroneous, confusing and prejudicial that defendant must be granted a new trial.

There is one other point which requires further attention by this court. Since the trial of this action the statute on criminal injury to persons has been held unconstitutional. *State v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977). Defendant's conviction of criminal injury to persons must be reversed.

In view of the conclusions reached it is not necessary to consider defendant's other points on appeal.

The defendant's conviction on Count I of aggravated battery against Earnest E. Ballard is reversed and remanded for a new trial. Defendant's conviction on Count II of the lesser offense of criminal injury to persons against Hattie B. Ballard is reversed with directions to discharge the defendant on this charge.